# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| BARRY McDONALD, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: CV507-052 |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S ORDER DIRECTING FILING OF BRIEFS IN APPEAL FROM SOCIAL SECURITY BENEFITS DECISION

Pursuant to 28 U.S.C. § 636(b) and this court's Local Rule 72, this appeal from the final decision of the Secretary of Health and Human Services denying Plaintiff's claim for Social Security benefits has been referred to the Magistrate Judge for review and recommendation as to disposition.

The Defendant has filed his answer, together with a certified copy of the transcript of the administrative proceedings. Briefing is now appropriate; however, several caveats are necessary in briefing the issues.

Arguments in the briefs should be short and succinct, citing by page in the transcript the necessary evidentiary support. Inasmuch as the Eleventh Circuit has formulated a fair body of law in social security cases, citations to such cases will be expected, as well as to any Fifth Circuit cases which are still binding precedent on the Eleventh Circuit. Bonner vs. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981). ONLY CITE CASES FROM OTHER CIRCUITS WHEN THERE IS NO CIRCUIT AUTHORITY OR IF IN ACCORDANCE WITH CIRCUIT PRECEDENCE. BRIEFS

FAILING TO COMPLY WILL BE DEEMED NONRESPONSIVE AND MAY BE RETURNED BY THE COURT.

Requests for remands must strictly comply with the spirit of 42 U.S.C. § 405(g) as to good cause shown. Smith vs. Bowen, 792 F.2d 1547 (11th Cir. 1986); Caulder vs. Bowen, 791 F.2d 872 (11th Cir. 1986). The filing of medical documentation not prepared until after the hearing, or until after judicial review under 42 U.S.C. § 405(g) must be strictly limited to comply with the law in the Eleventh Circuit regarding remands. Since the law requires a narrow interpretation of "good cause" for remands, counsel should be prepared to address that standard in making any such requests. Diorio vs. Heckler, 721 F.2d 726 (11th Cir. 1983).

Requests for extensions of time to file briefs, particularly by the Secretary will also be closely examined. The Secretary under our Local Rules receives 100 days to file a response. Local Rule 12.1. The court recognizes that from time to time requests for an enlargement of time to file a brief are unavoidable, and these requests will be liberally extended. Since by their nature social security cases deal with physical problems which often times impact significantly on a claimant's ability to work and thus survive, this court is obliged to give these cases as prompt a resolution as is possible. Your cooperation will assist in this objective being more quickly obtained.

IT IS ORDERED that counsel for the parties submit briefs in accordance with the following additional requirements:

(1) Within thirty (30) days from the entry of this Order, Plaintiff shall serve and file a brief setting forth all errors which Plaintiff contends entitle him to relief. The brief shall contain under the appropriate hearings and in the order here indicated:

>    (a) A statement of the issues presented for review, set forth in separately numbered paragraphs.
>
>    (b) A statement of the case. This statement should indicate briefly the course of the

AO 72A
(Rev. 8/82)

proceeding and its disposition at the administrative level and should set forth a general statement of the facts. This statement of the facts shall include Plaintiff's age, education, and work experience; a summary of physical and mental impairments alleged, a brief outline of the medical evidence; and a brief summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

(c) An argument. The argument shall be divided into sections separately treating each issue and must set forth the contentions of Plaintiff with respect to the issues presented and reasons therefore. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting Plaintiff's position. Citations to unreported district court opinions must be accompanied by a copy of the opinion.

(d) A short conclusion stating the relief sought.

The issues before the court are limited to the issues properly raised in the briefs.

(2) Within forty-five (45) days after service of Plaintiff's brief, Defendant shall serve and file a brief which responds specifically to each issue raised by Plaintiff. Defendant's brief shall conform to the requirements set forth above for Plaintiff's brief, except that a statement of the issues and a statement of the case need not be made unless Defendant is dissatisfied with Plaintiff's statement thereof.

(3) Plaintiff may file a brief in reply to the brief of Defendant within ten (10) days after service of Defendant's brief.

Let a copy of this Order be served upon counsel for the parties.

**SO ORDERED**, this 17th day of September, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)